1  JULIE M. KIEHNE-LAMKIN, State Bar No. 144019
   Attorney at Law
2  1672 Main Street, Suite E, #116
   Ramona, California  92065
3  Telephone and Fax:  (760) 787-0629

4  Attorney for Plaintiff J.K.G., a Minor

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

   J.K.G., a Minor,                       )  Case No.:  '11CV0305 JLS  RBB
11                                         )
            Plaintiff,                     )  COMPLAINT FOR DAMAGES AND
12                                         )  DEMAND FOR JURY TRIAL
                                           )
13                                         )  1.  VIOLATION OF CIVIL RIGHTS (42
        vs.                                )      U.S.C. §1983;
14                                         )  2.  VIOLATIONS OF CALIFORNIA
                                           )      UNRUH/BANES CIVIL RIGHTS ACT;
15                                         )  3.  ASSAULT AND BATTERY;
   COUNTY OF SAN DIEGO, a public entity;   )  4.  INTENTIONAL INFLICTION OF
16 SAN DIEGO COUNTY SHERIFF                )      EMOTIONAL DISTRESS; and
   DEPUTY THOMAS SEIVER; SAN               )  5.  NEGLIGENCE
17 DIEGO COUNTY SHERIFF DEPUTY             )
   DETECTIVE BARBARA CROZIER; SAN          )
18 DIEGO COUNTY SHERIFF DEPUTY             )
   JASON WARD;  SAN DIEGO COUNTY           )
19 SHERIFF DEPUTY PAUL MEHAFFIE            )
   III;  SAN DIEGO COUNTY SHERIFF          )
20 SEARGANT GEORGE CALDERON, and           )
   DOES 1 through 50, inclusive,           )
21                                         )
            Defendants.                    )
22                                         )
                                           )
23 _____)

24                         JURISDICTION AND VENUE

25         1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343 for

26 violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983

27 and 28 U.S.C. §1331.

28         2.      This Court has supplemental jurisdiction over the state law claims pursuant to

   28 U.S.C. §1367, because those claims are so related to the federal claims as to form part of the

                                            1

            COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

same case or controversy for Article III purposes.

3.      Venue is proper in this district under 28 U.S.C. §§1391(b) because the parties reside and work in this district and the wrongful conduct of defendants took place in this district.

### PARTIES

4.      At all material times mentioned herein, Plaintiff J.K.G is and has been a minor individual under the age of 18 years and resident of the County of San Diego, State of California. Plaintiff was born in 1993.

5.      Defendant COUNTY OF SAN DIEGO ("COUNTY") is and at all times herein mentioned was a public entity existing under the laws of the State of California and is the employer of the individually named Defendants below. At all times mentioned herein, Defendant COUNTY has possessed and exercised the power and authority to adopt policies and prescribe rules, regulations, oversight, and practices affecting the operation of the COUNTY's law enforcement agency ("SHERIFF'S DEPARTMENT"). Specifically, Defendant COUNTY has possessed and exercised the power and authority to adopt policies and prescribe rules, regulations and practices (including tactics, methods, practices, customs and usages) for its SHERIFF'S DEPARTMENT Patrol, Internal Investigations, Training, and Personnel Divisions as well as other operations and subdivisions presently unidentified to Plaintiff. Under California Government Code §815.2, Defendant COUNTY is liable for all of the wrongful acts hereinafter complained of committed by any of the individual San Diego County Sheriff Department officer Defendants.

6.      On June 29, 2010, a Claim against the COUNTY for Damages was filed with the COUNTY on behalf of Plaintiff in substantial compliance with California Government Code §910 et. seq.. Plaintiff's Claim was deemed denied by operation of law on August 13, 2010.

7.      Plaintiff is informed and believes and thereupon alleges that Defendant SAN

2

DIEGO COUNTY SHERIFF DEPUTY THOMAS SEIVER ("DEPUTY SEIVER"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY SEIVER was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY SEIVER's SHERIFF'S DEPARTMENT Badge Number is 7103.

8.     Plaintiff is informed and believes and thereupon alleges that Defendant SAN DIEGO COUNTY SHERIFF DEPUTY DETECTIVE BARBARA CROZIER ("DETECTIVE CROZIER"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DETECTIVE  CROZIER was a deputy detective sheriff, and was acting in the course and scope of her employment with Defendant COUNTY's SHERIFF'S DEPARTMENT. Plaintiff is informed and believes and thereupon alleges that DEPUTY DETECTIVE CROZIER's SHERIFF'S DEPARTMENT Badge Number is 2286.

9.     Plaintiff is informed and believes and thereupon alleges that Defendant SAN DIEGO COUNTY SHERIFF DEPUTY JASON WARD ("DEPUTY WARD"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego. Further, at all times relevant to the acts and omissions herein alleged, DEPUTY WARD was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY WARD's SHERIFF'S DEPARTMENT Badge Number is 7139.

10.     Plaintiff is informed and believes and thereupon alleges that Defendant SAN DIEGO COUNTY SHERIFF DEPUTY PAUL MEHAFFIE III ("DEPUTY MEHAFFIE III "), is

3

and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego.  Further, at all times relevant to the acts and omissions herein alleged, DEPUTY MEHAFFIE III was a deputy sheriff, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that DEPUTY MEHAFFIE's SHERIFF'S DEPARTMENT Badge Number is 7355.

11.    Plaintiff is informed and believes and thereupon alleges that Defendant SAN DIEGO COUNTY SHERIFF SEARGANT GEORGE CALDERON ("SEARGANT CALDERON"), is and at all relevant times mentioned herein was, a resident of the State of California and County of San Diego.  Further, at all times relevant to the acts and omissions herein alleged, SEARGANT CALDERON was a sheriff with supervisory authority and responsibility over the sheriff deputies working under him, and was acting in the course and scope of his employment with Defendant COUNTY's SHERIFF'S DEPARTMENT.  Plaintiff is informed and believes and thereupon alleges that SEARGANT CALDERON's SHERIFF'S DEPARTMENT Badge Number is 2262.

12.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, Defendants.  Plaintiff is informed and believes and thereupon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants  proximately caused the injuries and damages by reason of neglect, carelessness, deliberate indifference, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions or circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious  fault or breach of duty arising out of the matters alleged.

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff will seek leave amend this complaint to set forth said true names and identities of th

unknown DOE defendants when they are ascertained.

13.    The individual Defendants named in this complaint are sued individually and in

their capacities as employees of Defendant COUNTY and the SHERIFF's DEPARTMENT.

14.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

herein each of the Defendants was the agent, servant, and/or employee of each of the remaining

Defendants and were, in doing the acts herein alleged, acting within the course and scope of such

agency, service and/or employment and with the permission, consent, and authority of other Co-

Defendants and each of them, and each is responsible in some manner for the occurrences

hereinafter alleged and the actions of each proximately caused Plaintiff's injuries.

## FACTUAL ALLEGATIONS

15.    Plaintiff re-alleges and incorporates by reference each and every allegation

contained in Paragraphs 1 through 14 as though fully set forth herein.

16.    On December 29, 2009 at approximately 8:00 p.m. was visiting a friend who

worked at Jack In The Box restaurant located at 1056 Main Street in Ramona, an unincorporated

community in the County of San Diego. When Plaintiff was ready to leave and go home,

Plaintiff called his mom on his cell phone to have her pick him up.  To pass the short wait for his

mom to pick him up, Plaintiff got on his skateboard and proceeded to ride west around the area

towards a shopping center located at 1000 Main Street, Ramona.

17.    Plaintiff is informed and believes that at approximately 8:11 p.m. Defendant

DEPUTY SEIVER was at the 7-11 convenience store located two doors down from Jack In the

Box. A restaurant named Mi Ranchito is located between the Jack In the Box and 7-11

convenience store.

18.     Plaintiff is informed and believes that Defendant DEPUTY SEIVER was approached down by an employee of Mi Ranchito Restaurant named Alejandro Oro located at 1028 Main Street, Ramona. Plaintiff is further informed and believes that the Mi Ranchito Restaurant employee approached Defendant DEPUTY SEIVER because a customer of the restaurant had come into the restaurant and told him someone was tampering with employee's cars in the back of the establishment.  It was dark and there was no lighting where the employee cars were parked. Mr.Oros went outside instantly in response to the customer's report and saw no one by the employee cars.

19.     While DEPUTY SEIVER was in the 7-11 convenience store parking lot Defendant DEPUTY MEHAFFIE III walked up to DEPUTY SEIVER and met him.  DEPUTY MEHAFFIE III  covered DETECTIVE SEIVER  DEPUTY MEHAFFIE III saw DEPUTY SEIVER drive after a mail riding a skateboard westbound  through the 7-11 parking lot.

20.     Plaintiff is informed and believes Defendant DEPUTY SEIVER noticed Plaintiff riding his skateboard in the area near the 7-11 convenience store.  Deputy Seiver recognized Plaintiff due to prior policed contact with Plaintiff and Plaintiff's mother.  DEPUTY SEIVER then followed Plaintiff to a shopping center parking lot located at 1100 Main Street where DEPUTY SEIVER stopped and searched Plaintiff. At the time of this incident, Plaintiff was 5'9" tall and weighed approximately 130 lbs with a thin build.  Plaintiff is informed and believes that DEPUTY SEIVER is approximately 6'-6'1" and weighs approximately 200-210 lbs.  Plaintiff was intimidated by DEPUTY SEIVER's size, demeanor, and weapons.

21.  DEPUTY SEIVER searched Plaintiff and found Plaintiff's cell phone. Without any legal justification DEPUTY SEIVER seized  Plaintiff's cell phone. Plaintiff asked to call his mom and DEPUTY SEIVER refused. DEPUTY SEIVER then punched Plaintiff in the face

6

twice. DEPUTY SEIVER then choked Plaintiff, grabbed him, and threw him to the ground face

first. DEPUTY SEIVER then slammed and grinded Plaintiff's face onto the parking lot

pavement. Plaintiff bled from multiple locations on his face onto various areas of the pavement.

parking lot At no time did Plaintiff try to run, evade, or flee DEPUTY SEIVER.  At no time did

Plaintiff hit, strike, kick or in any other manner assault and/or commit battery upon batter

DEPUTY SEIVER.  DEPUTY SEIVER inappropriately pre-judged Plaintiff's possible

involvement merely because Plaintiff happened to be in the area, and DEPUTY SEIVER had

met Plaintiff and Plaintiff's family before, and that his harassment and  subsequent physical

force and arrest were deliberate and without probable cause or any valid justification.

22.    Defendant DEPUTY WARD was on patrol near the 1200 block of Main

Street issuing a citation and heard on the radio DEPUTY SEIVER air he was "fighting with

one". Defendant DEPUTY WARD pulled into the parking lot in the area of 1000 Main Street

and located Defendant DEPUTY SEIVER's patrol car.  Defendant DEPUTY WARD saw

Plaintiff  lying flat on his stomach and DEPUTY SEIVER kneeling on Plaintiff's buttock area.

DEPUTY SEIVER had one of Plaintiff's hands cuffed and was in the process of cuffing the

other hand when DEPUTY WARD arrived at the scene. DEPUTY WARD assisted DEPUTY

SEIVER get Plaintiff (who was bleeding and in pain) up off of the pavement and into the back

seat of DEPUTY SEIVER's patrol car.

23.    After beating and hitting Plaintiff, DEPUTY SEIVER put handcuffs on Plaintiff

and put him in the back of the Deputy's patrol car.  While in the patrol car Plaintiff continued to

bleed from his injuries. DEPUTY SEIVER drove back to Mi Ranchito Restaurant and

determined that there was no evidence of any vehicle tampering.

24.    DEPUTY MEHAFFIE III met up with DEPUTY SEIVER in the MI

7

RANCHITO  parking lot. DEPUTY MEHAFFIE III saw Plaintiff bleeding and handcuffed in the backseat of DEPUTY SEIVER'S patrol car.  At no time while Plaintiff was under arrest did DEPUTY MEHAFFIE III attempt to obtain any medical care or treatment for Plaintiff.

25.     DEPUTY SEIVER then transported Plaintiff to the Ramona Sheriff Substation for booking. Plaintiff was not provided any medical attention for his head, arm, neck, and back injuries. Plaintiff was released from the Sheriff Substation to his mother.

26.     Immediately following Plaintiff's arrest, the individual Defendants corruptly collaborated on the preparation and filing of false and misleading juvenile crime and use of force reports giving the appearance DEPUTY SEIVER's beating and arrest of Plaintiff was lawful and justified, falsely alleging Plaintiff tried to flee from DEPUTY SEIVER, falsely stating that Plaintiff grabbed DEPUTY SEIVER's left arm in an attempt to get out from his grasp, falsely stating Plaintiff struck the Deputy in the chest with his elbow and nearly struck his face with his right elbow, falsely stating Plaintiff kicked backwards onto DEPUTY SEIVER's legs and attempted to get up, falsely alleging Plaintiff's actions were becoming more violent in order to justify DEPUTY SEIVER's striking of Plaintiff on the right side of his head above his ear, and falsely alleged that Plaintiff struggled with DEPUTY SEIVER while the Deputy was handcuffing Plaintiff.

27.     All of the false statements were memorialized in incident and investigative reports were authored by Defendant DEPUTY SEIVER, DEPUTY WARD, DEPUTY MEHAFFIE III, and Defendant DETECTIVE CROZIER  to cover up and rationalize the beating and false arrest of Plaintiff.  Defendant SEARGENT CALDERON, who supervised DEPUTY SEIVER and the other named Defendant Deputies reviewed the false police narrative and use of force reports, and signed off on them knowing, or should have been knowing, that the reports were false.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

28.     Based on the presumptive facial validity of false Sheriff reports concerning this December 29, 2009 incident, a three count criminal Juvenile Court Petition alleging violations of California was filed by the San Diego County District Attorney against Plaintiff.  Plaintiff was charged with one felony count of Resisting an Executive Officer (Penal Code §69), one misdemeanor count of Obstructing/Resisting a Peace Officer (Penal Code§148 (a)(1), and one misdemeanor count of Battery on A Peace Officer (Penal Code§243(b).

29.     On June 11, 2010 the Adjudication hearing on the Juvenile Court Petition was held before the Judge George W. Clarke. Witnesses were sworn and examined and evidence was marked and received by the Court. After presentation by both the prosecution and defense, Judge ordered the entire petition Dismissed.

## FIRSTCAUSE OF ACTION

### (VIOLATIONS OF CIVIL RIGHTS ACT [42 U.S.C. §1983])

### (By Plaintiff Against All Defendants)

30.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 29 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

31.     At or around the hour of 8:11 p.m. on December 29, 2009, Plaintiff was waiting for his mother to pick him up in a shopping center parking lot located at 1100 Main Street, Ramona. Defendant DEPUTY THOMAS SEIVER negligently assessed the circumstances presented to him, aggressively confronted and unjustifiably detained Plaintiff without probable cause or reasonable suspicion that Plaintiff had committed a crime, or would commit a crime in the future. Defendant DEPUTY THOMAS SEIVER illegally searched Plaintiff and seized Plaintiff's cell phone.  Plaintiff asked to call his mom and Defendant DEPUTY

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SEIVER refused. Without warning or provocation, Defendant DEPUTY SEIVER

punched Plaintiff twice in the face, choked him, grabbed him, and threw him to the ground face

first. Defendant DEPUTY SEIVER then slammed and grinded Plaintiffs face on the

parking lot pavement.

32.   Plaintiff posed no reasonable threat of violence to DEPUTY SEIVER or anyone

else and was not armed with any weapon. . Prior to and during the time Plaintiff was assaulted

and battered, Plaintiff made no aggressive movements, no furtive gestures, and no physical

movements which would suggest to a reasonable officer that he was resisting arrest or delaying

an officer in the performance of his duties.

33.   At all times prior to, during, and after the time Defendant DEPUTY SEIVER

assaulted and battered Plaintiff, he did not do anything which would provide any legal

justification or excuse for the involved deputy's conduct, and such conduct was unnecessary and

grossly excessive.

34.   This cause of action is to redress the deprivation, under color of statute,

ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities

secured to plaintiff by the Fourth Amendment to the Constitution of the United States, including,

but not limited to, the right to be free from unreasonable governmental seizures and the use of

excessive force.

35.   Following the assault and battery by Defendant DEPUTY SEIVER put handcuffs

on Plaintiff and transported him in a patrol car to the SHERIFF'S DEPARTMENT substation in

Ramona. Plaintiff was bleeding as a result of the excessive force. After arriving at the Ramona

SHERIFF'S DEPARTMENT substation, the involved deputies, including Defendant DEPUTY

SEIVER, DEPUTY WARD, DEPUTY CROZIER, DEPUTY MEHAFFIE III and DOES 1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

through 50, denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. All of the acts of the Defendants were done intentionally, maliciously, and with willful disregard for the rights of Plaintiff.

36.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed Defendant DEPUTY SEIVER, DEPUTY WARD, DEPUTY CROZIER, DEPUTY MEHAFFIE III, SEARGANT CALDERON and DOES 1 -50. The Defendant COUNTY provided DEPUTY SEIVER, DEPUTY WARD, DEPUTY CROZIER, DEPUTY MEHAFFIE III, SEARGANT CALDERON and DOES 1 – 50 with official badges and identification cards which designated and described these individual defendants as employees of the COUNTY and the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT.

37.    At all times mentioned herein, Defendants, and each of them,, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and COUNTY. Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to:

a.    the right to be free from unreasonable searches and seizures;

b.    the right to be free from the use of excessive force.

38.    On December 29, 2009 DEPUTY SEIVER assaulted and battered Plaintiff, as previously described. DEPUTY SEIVER's assault and battery constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff's constitutional right to be free from unreasonable searches and seizures and the use of excessive force. In addition to the above

11

alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of the COUNTY to properly train DEPUTY SEIVER; further, Plaintiff was subjected to the above deprivations as a result of the COUNTY's hiring and retention of DEPUTY SEIVER, in that it was plainly obvious to the County and Sheriff's Department that the involved deputy was a dangerous and violent employee, prone to physically batter and harass people he perceives to be a problem for him, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and/or use unreasonable and unlawful physical force without legal justification, all of which was indicative of a policy, practice, and custom of the COUNTY to negligently hire police officers and/or deputy sheriffs.

39.     The facts alleged above in this complaint are part of the customs, practices, policies and decisions of Defendant COUNTY, including, but not limited to, the following:

a.     Using excessive force on citizens;

b.     Refusing to supervise, reprimand, and/or discipline law enforcement officers/deputies who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force, conducting of unlawful searches and seizures, and preparing false police reports by officers, deputies and agents;

c.     Inadequate training and supervising employees of the governmental entity, Defendants, herein, with respect to the apprehension of suspects, the existence of probable cause, the reasonable and proper use of force, and the investigation of police misconduct.

40.     The above acts and/or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.  Likewise, the customs, practices, policies, and decisions of the COUNTY alleged herein and as applied to Plaintiff resulted in violation of Plaintiff's

12

constitutional rights.

41.     The above acts, omissions, customs, practices, and/or decisions of the COUNTY, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers my appropriately legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts, omissions, decisions, customs, practices, or policies were consciously chosen from among various alternatives.

42.     Plaintiff is informed and believes, and thereupon alleges, that the details of this incident (as detailed in this complaint) have been revealed to the authorized policymakers within the COUNTY and the SHERIFF'S DEPARTMENT, and that such policymakers have direct knowledge of the fact that this incident was not justified, but rather represented an unconstitutional display of unreasonable, excessive force. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and the SHERIFF'S DEPARTMENT have approved of Defendant DEPUTY SEIVER'S conduct, and have made a deliberate choice to endorse DEPUTY SEIVER'S conduct and the basis for that conduct. By so doing, the authorized policymakers within the COUNTY and the SHERIFF'S DEPARTMENT have shown affirmative agreement with the individual Defendant deputy's actions, and have ratified the unconstitutional acts of Defendant DEPUTY SEIVER.

43.     Each of the individual Defendants and Defendant COUNTY acted in concert, and each of the individual Defendants acted willfully, outrageously, maliciously, with reckless disregard and callous indifference, causing Plaintiff to suffer severe emotional suffering and mental distress, physical pain and injury a criminal trespass, the indignity of an illegal arrest,

13

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

booking, groundless criminal prosecution, fear, anxiety, and mental anguish.

44.    Plaintiff has the Fourth Amendment right to be free from unreasonable searches and seizures, the right to be free from punishment absent criminal conviction, and the right to be free from the use of unreasonable and excessive force.  All of these rights and privileges are secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution and by 42 U.S.C.§1983. All of these rights were violated  by the wrongful conduct of the Defendants, and each of them which proximately caused severe injuries and damage to Plaintiff.

45.    Each of the individual Defendants, including DEPUTY SEIVER, and the COUNTY acted in concert, and each of the individual defendants acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive Plaintiff of his rights and privileges, and did in fact violate his aforementioned rights and privileges thereby justifying exemplary and punitive damages against the individual Defendants sued herein.

46.    As a proximate result of the above-mentioned Defendants' conduct, and each of them, Plaintiff has been required to employ physicians and other healthcare providers to examine, treat and care for his injuries, and has incurred other incidental medical expenses in an amount according to proof at trial.

47.    As a further result of these acts and/or omissions, Plaintiff has lost past and future wages and his earning capacity has been diminished in an amount to be determined according to proof at trial.

48.    Plaintiff is entitled to and hereby demands costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF CALIFORNIA UNRUH/BANES CIVIL RIGHTS ACT)

### (By Plaintiff Against All Defendants)

49.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

50.     On or about the above stated dates, Defendants, and each of them violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, The California 51.7, 52(b) and 52.1(h).

51.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as set forth in this complaint in amounts to be determined according to  proof at trial.

52.     Additionally, as a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff is entitled to and hereby demands statutory damages, treble damages, attorney fees and costs provided by California Civil Code §§ 52 and 52.1 (h).

## THIRD CAUSE OF ACTION

### (ASSAULT AND BATTERY)

### (By Plaintiff Against All Defendants)

53.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 52 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

54.     At or around the hour of 8:11 p.m. on December 29, 2009, Plaintiff was waiting for his mother to pick him up in a shopping center parking lot located at 1100 Main Street,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ramona.  Defendant DEPUTY THOMAS SEIVER negligently assessed the circumstances

presented to him, aggressively confronted and unjustifiably detained Plaintiff without probable

cause or reasonable suspicion that Plaintiff had committed a crime, or would commit a crime in

the future.  Defendant DEPUTY THOMAS SEIVER illegally searched Plaintiff and seized

Plaintiff's cell phone.  Plaintiff asked to call his mom and Defendant DEPUTY

SEIVER refused.  Without warning or provocation, Defendant DEPUTY SEIVER

punched Plaintiff twice in the face, choked him, grabbed him, and threw him to the ground face

first.  Defendant DEPUTY SEIVER then slammed and grinded Plaintiffs face on the

parking lot pavement.

55.    Plaintiff posed no reasonable threat of violence to DEPUTY SEIVER nor  anyone

else.  Prior to and during the time Plaintiff was assaulted and battered, Plaintiff made no

aggressive movements, no furtive gestures, and no physical movements which would suggest to

a reasonable officer that he was resisting arrest or delaying an officer in the performance of his

duties.

56.    At all times prior to, during, and after the time Defendant DEPUTY SEIVER

assaulted and battered Plaintiff, he did not do anything which would provide any legal

justification or excuse for the involved deputy's conduct, and such conduct was unnecessary and

grossly excessive.

57.    Following the assault and battery by Defendant DEPUTY SEIVER put handcuffs

on Plaintiff and transported him in a patrol car to the SHERIFF'S DEPARTMENT substation in

Ramona.  Plaintiff was bleeding as a result of the excessive force.  After arriving at the Ramona

SHERIFF'S DEPARTMENT substation, the involved deputies, including Defendant DEPUTY

SEIVER, DEPUTY WARD, DEPUTY CROZIER , DEPUTY MEHAFFIE III and DOES 1

16

through 50, denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. All of the acts of the Defendants were done intentionally, maliciously, and with willful disregard for the rights of Plaintiff.

58.     Each of the individual Defendants and Defendant COUNTY acted in concert, and each of the individual Defendants acted willfully, outrageously, maliciously, with reckless disregard and callous indifference, causing Plaintiff to suffer severe emotional suffering and mental distress, physical pain and injury a criminal trespass, the indignity of an illegal arrest, booking, groundless criminal prosecution, fear, anxiety, and mental anguish.

59.     As a proximate result of the above-mentioned Defendants' conduct, and each of them, Plaintiff has been required to employ physicians and other healthcare providers to examine, treat and care for his injuries, and has incurred other incidental medical expenses in an amount according to proof at trial.

60.     As a further result of these acts and/or omissions, Plaintiff has lost past and future wages and his earning capacity has been diminished in an amount to be determined according to proof at trial.

61.     The above-described acts of the individual Defendants were intended to cause injury to Plaintiff and were carried out with a conscious disregard for the rights and safety of Plaintiff and others, thereby justifying exemplary and punitive damages against the individual Defendants sued herein.

///

///

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants)

62.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 61 of this complaint, and by this reference incorporates the same herein into this cause of action and makes each a part hereof.

63.     On or about December 29, 2009 and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them, including, but limited to, the care, service and protection by Defendants.

64.     On or about December 29, 2009 and thereafter, Defendants unlawfully detained Plaintiff, caused Plaintiff to be arrested on false charges without reasonable cause, subjected Plaintiff to excessive and unreasonable force and an illegal arrest and booking.  In addition, Defendants unlawfully conspired among themselves to cover up their own misconduct, subject Plaintiff to false and unjust juvenile court proceedings, and thwart Plaintiff's right to recover damages against them.

65.     Each of the individual Defendants and Defendant COUNTY acted in concert, and each of the individual Defendants acted willfully, outrageously, maliciously, with reckless disregard and callous indifference, causing Plaintiff to suffer severe emotional suffering and mental distress, a criminal trespass, the indignity of an illegal arrest, booking, groundless criminal prosecution, fear, anxiety, and mental anguish.

66.     As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, including, but not limited to general and punitive damages and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    attorney fees.

2                        **FIFTH CAUSE OF ACTION**

3                             **(NEGLIGENCE)**

4

5                   **(By Plaintiff Against All Defendants)**

6          67.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs

7    1 through 66 of this complaint, and by this reference incorporates the same herein into this cause

8    of action and makes each a part hereof.

9          68.    On or about December 29, 2009 and thereafter, Plaintiff was entitled to the duty

10

11   of due care by Defendants and each of them.

12         69.    On or about December 29, 2009, Defendants and each of them, breached the duty

13   of due care owed to Plaintiff in Defendants acted unreasonably and negligently caused Plaintiff

14   injury, harm, and damage.

15         70.    As a direct and proximate cause of the wrongful and negligent acts and/or

16

17   omissions of each of the Defendants, Plaintiff has suffered and continues to suffer severe mental

18   anguish, as well as mental and physical injury.

19         71.    As a proximate result of the above-mentioned Defendants' conduct, and each of

20   them, Plaintiff has been required to employ physicians and other healthcare providers to

21

22   examine, treat and care for his injuries, and has incurred other incidental medical expenses in an

23   amount according to proof at trial.

24         72.    As a further result of these acts and/or omissions, Plaintiff has lost past and future

25   wages and his earning capacity has been diminished in an amount to be determined according to

26

27   proof at trial.

28   ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.      For General damages in an amount to be determined according to proof;

2.      For Special damages according to proof;

3.      For Punitive damages as provided by law, in an amount to be proved against each *individual* Defendant;

4.      For attorney's fees pursuant to 42 U.S.C. §1988 and California Civil Code §§52 and 52.1 (h);

5.      For Costs of suit; and,

6.      For such other and further relief as the Court may deem proper.

DATED:  February 14, 2010                    Respectfully submitted,

                                             JULIE M. KIEHNE-LAMKIN
                                             ATTORNEY AT LAW

                                             By: _____
                                             JULIE M. KIEHNE-LAMKIN, Esq.
                                             Attorney for Plaintiff J.K.G., a Minor


**JURY DEMAND**

Plaintiff  J.K.G., a Minor hereby demands a jury trial in this action.


DATED:  February 14, 2010                    Respectfully submitted,

                                             JULIE M. KIEHNE-LAMKIN
                                             ATTORNEY AT LAW

                                             By: _____
                                             JULIE M. KIEHNE-LAMKIN, Esq.
                                             Attorney for Plaintiff J.K.G., a Minor

20

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

J.K.G., a Minor

**DEFENDANTS**

County of San Diego, a public entity (see Attachment for additional Defendants)

(b) County of Residence of First Listed Plaintiff   **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Julie M. Kiehne-Lamkin Attorney at Law, 1762 Main Street, Suite E #116, Ramona, CA  92065 (760) 787-0629

Attorneys (If Known)

**'11CV0305 JLS  RBB**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983

Brief description of cause:
Violation civil rights-excessive force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over 1,000,000 according to proof

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
02/14/2011

SIGNATURE OF ATTORNEY OF RECORD
*Julie M. Kiehne-Lamkin*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

**ADDITIONAL DEFENDANTS:**

SAN DIEGO COUNTY SHERIFF DEPUTY THOMAS SEIVER; SAN DIEGO COUNTY SHERIFF
DEPUTY DETECTIVE BARBARA CROZIER; SAN DIEGO COUNTY SHERIFF DEPUTYJASON
WARD;  SAN DIEGO COUNTY SHERIFF DEPUTY PAUL MEHAFFIE III;  SAN DIEGO COUNTY
SHERIFF SEARGANT GEORGE CALDERON, and DOES 1 through 50, inclusive