UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.K.G., a minor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity; SAN DIEGO COUNTY SHERIFF THOMAS SEIVER; SAN DIEGO COUNTY SHERIFF DEPUTY DETECTIVE BARBARA CROZIER; SAN DIEGO COUNTY SHERIFF DEPUTY JASON WARD; SAN DIEGO COUNTY SHERIFF DEPUTY PAUL MEHAFFIE, III; SAN DIEGO COUNTY SHERIFF SERGEANT GEORGE CALDERON; DOES 1-50 inclusive<br><br>　　　　　Defendants. | Civil No. 11cv0305 JLS(RBB)<br><br>ORDER DENYING PLAINTIFF J.K.G., AN INDIVIDUAL'S, EX PARTE MOTION FOR CONTINUING DISCOVERY CUT-OFF DATES [ECF NO. 34] |

　　　On August 30, 2012, Plaintiff filed an Ex Parte Motion for Continuing Discovery Cut-Off Dates [ECF No. 34].  In the Motion, Plaintiff seeks to continue the "discovery cut-off dates for service of expert witness lists and reports, written discovery, and discovery completion dates for [sic]."  (Pl. J.K.G.['s] Ex Parte Mot. 1, ECF No. 34.)  Plaintiff's counsel indicates that she has "an expert law enforcement consultant," but "to designate him as an

1  Expert Witness and submit a complete report pursuant to Rule 26(f),
2  Plaintiff will need to take depositions and obtain factual
3  information via written discovery." (Id. at 2.)  No explanation
4  has been given for failing to take depositions or serve written
5  discovery while this action has been pending.
6      Although Plaintiff's counsel states that she intends to serve
7  written discovery prior to the current deadline, September 4, 2012,
8  she nevertheless requests that the deadline to designate experts,
9  for written discovery, and the discovery cutoff all be extended
10 ninety days.  (Id. at 2-3.)  The current deadline for Plaintiff's
11 expert designation is September 4, 2012, and the discovery cutoff
12 is November 5, 2012.  (Id. at 2.)
13     Counsel for Plaintiff contacted defense counsel who "indicated
14 that while he couldn't stipulate to a continuance of the date for
15 Plaintiff's designation, he would not oppose an ex parte motion for
16 continuance of the expert designation dates." (Id. at 3.)
17 According to Plaintiff, "Defense counsel suggested a 90 day
18 extension for this [expert designations] and other discovery."
19 (Id.)  Counsel does not refer to other scheduled dates.  But a
20 ninety-day extension of the discovery cutoff would necessarily
21 impact the deadline for filing pretrial motions.
22                              I.
23         AMENDING THE CASE MANAGEMENT CONFERENCE ORDER
24     On February 2, 2012, the Court held an early neutral
25 evaluation conference in this case [ECF No. 24].  At the time of
26 the conference, an order was issued setting deadlines for the
27 parties to hold a rule 26(f) conference, February 27, 2012, and
28 make their initial disclosures, March 25, 2012.  (Order Foll. Early

1  Neutral Eval. Conf. 2, ECF No. 24.)  To date, Plaintiff has not
2  initiated any discovery.  (See Pl. J.K.G.['s] Ex Parte Motion 2,
3  ECF No. 34.)
4      Plaintiff seeks a ninety-day extension of certain pretrial
5  dates which have elapsed or will soon.
6      A district court has broad discretion in supervising the
7  pretrial stage of an action.  C.F. v. Capistrano Unified Sch.
8  Dist., 654 F.3d 975, 984 (9th Cir. 2011) (quoting Miller v. Safeco
9  Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985)).  The court
10 should not amend a scheduling order that was issued unless the
11 party requesting the modification can show good cause.  Fed. R.
12 Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily
13 considers the diligence of the party seeking the amendment."
14 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
15 1992).  "Although the existence or degree of prejudice to the party
16 opposing the modification might supply additional reasons to deny a
17 motion, the focus of the inquiry is upon the moving party's reasons
18 for seeking modification."  Id.; see Capistrano Unified Sch. Dist.,
19 654 F.3d at 984.
20     Deadlines are not options.  "Allowing parties to disregard
21 instructions of a scheduling order would undermine the court's
22 ability to control its docket, disrupt the agreed-upon course of
23 the litigation, and reward the indolent and cavalier.  Rule 16 was
24 drafted to prevent this situation."  Sokol Holdings, Inc. V. BMB
25 Munai, Inc., No. 05-cv-3749, 2009 U.S. Dist. LEXIS 100478, at *17
26 (S.D.N.Y. Oct. 28, 2009) (citation omitted) (internal quotation
27 marks omitted).
28

1    The standard for amending a scheduling order was described in
2 Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080 (9th Cir. 2002).
3 "The pretrial schedule may be modified 'if it cannot reasonably be
4 met despite the diligence of the party seeking the extension.'"
5 Id. at 1087 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d
6 at 608).  "If the party seeking the modification 'was not diligent,
7 the inquiry should end' . . . ." Id.
8    Here, the Plaintiff's Ex Parte Application does not show
9 diligence and good cause.  Plaintiff's Ex Parte Application is
10 **DENIED.**

12 DATED:  September 5, 2012              _____
                                          Ruben B. Brooks, Magistrate Judge
13                                        United States District Court

14 cc:
   Judge Sammartino
15 All Parties of Record